Fentrice **BURRIS**, Plaintiff—Appellant,

v.

Jo Anne B. **BARNHART**, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 01–36110.

D.C. No. CV–00–01789–ALA(CO).

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Submitted March 3, 2003.*

Decided March 21, 2003.

Before O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM **

We AFFIRM the judgment of the district court. Substantial evidence supports the administrative law judge's step four determination that the claimant is not disabled because she has the residual functional capacity to perform past relevant work. Because we affirm the denial of benefits at step four, we need not reach the question whether the ALJ erred at step five in the sequential analysis.

The ALJ provided specific, cogent reasons for rejecting Ms. Burris' subjective pain testimony and these reasons are both clear and convincing. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1996) (as amended). As a result, the ALJ was not required to include Ms. Burris' subjective limitations in the hypothetical posed to the vocational expert. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir.2001). The ALJ also was not required to take account of any psychological factors that may exacerbate Ms. Burris' pain, "because pain is subjective and depends on the credibility of the claimant." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir.2002).

The ALJ did not err in finding that Ms. Burris has past relevant work experience as a community resource aide. The record supports the ALJ's conclusion that Ms. Burris' work as a community resource aid qualifies as substantial gainful activity. *See Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir.2001). Moreover, there is no support in the record for Ms. Burris' claim that she worked too briefly to learn how to perform the job properly.

The ALJ did err, however, in failing to consider Mr. Burris' written questionnaire answers, which corroborate his wife's subjective symptoms to some extent. *See Lewis*, 236 F.3d at 511; *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 976 (9th Cir.2000); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir.1993). Nevertheless, this error was harmless because substantial evidence supports the ALJ's conclusion that Ms. Burris has the residual functional capacity to perform past relevant work. *See Schneider*, 233 F.3d at 975.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.